1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIGUEL CASTULO-CERRO, et al., <br><br> Petitioners, <br><br> v. <br><br> LAURA HERMOSILLO, et al., <br><br> Respondents. | Case No. 2:26-cv-00437-TMC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in late 2025 or early 2026, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–22; Dkt. 4-1; Dkt. 4-4; Dkt. 4-7; Dkt. 4-10; Dkt. 4-12; Dkt. 4-13; Dkt. 4-15; Dkt. 5 ¶¶ 2–4.

Petitioners Miguel Castulo-Cerro, Felix Montiel Moreno, Juan De Jesus Hernandez, and Eduardo Hernandez Santos each requested a bond hearing before an Immigration Judge ("IJ"), and each was denied on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 4-3 at 2; Dkt. 4-6 at 2; Dkt. 13-1 at 2; Dkt. 13-3 at 2. Three of these Petitioners received bond in the alternative: $10,000 for Castulo-Cerro, $15,000 for Montiel

Moreno, and $30,000 for De Jesus Hernandez. Dkt. 4-3 at 2; Dkt. 4-6 at 2; Dkt. 13-1 at 3. Hernandez Santos did not receive an alternative bond ruling, as the IJ denied his request on the additional basis that he presents a flight risk and danger to the community. Dkt. 13-3 at 2.

Petitioner Homero Carbajal Barajas had previously sought a bond hearing from an IJ but withdrew the request. Dkt. 12-4 at 2. On January 16, 2026, an IJ granted him voluntary departure from the United States. Dkt. 12-5 at 3. He has appealed that order, and he is not currently subject to a final order of removal. *See* Dkt. 13-2.

Petitioners Ezequiel Guevara Escobar and Cirilo Lima-Soriano have not yet received bond rulings. *See* Dkt. 1 ¶¶ 16–17, 21–22; Dkt. 11 at 4; Dkt. 13 at 2 n.2.

On February 5, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 40–44. On February 10, Federal Respondents filed a return to the habeas petition. Dkt. 11. Petitioners filed a traverse the next day. Dkt. 13. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition as to Castulo-Cerro, Montiel Moreno, Carbajal Barajas, De Jesus Hernandez, Guevara Escobar, and Lima-Soriano, and DENIES the petition as to Hernandez Santos.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III. DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 40–44. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 11 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA. *See* 28 U.S.C. § 2241(c)(3). Habeas relief is warranted for the six Petitioners who either have an alternative bond amount or have not yet had a bond hearing.

However, Hernandez Santos is not entitled to habeas relief. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 3

traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although Hernandez Santos challenges one basis for his confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that he presents a flight risk and danger to the community is a separate basis for the "legality of [his] custody." *See id.* In other words, even if Respondents treated him as subject to the discretionary detention regime of § 1226(a), he would remain in detention under that separate finding.

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Miguel Castulo-Cerro, Felix Montiel Moreno, Homero Carbajal Barajas, Juan De Jesus Hernandez, Ezequiel Guevara Escobar, and Cirilo Lima-Soriano and DENIED as to Petitioner Eduardo Hernandez Santos.

2. Within ONE day of this Order, Respondents must either release Petitioner Miguel Castulo-Cerro or allow his release upon payment of the alternative bond amount of $10,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

3. Within ONE day of this Order, Respondents must either release Petitioner Felix Montiel Moreno or allow his release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

4. Within ONE day of this Order, Respondents must either release Petitioner Juan De Jesus Hernandez or allow his release upon payment of the alternative bond amount of $30,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

5. Within fourteen days of receiving Petitioner Homero Carbajal Barajas's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6. Within fourteen days of receiving Petitioner Ezequiel Guevara Escobar's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Petitioner Cirilo Lima-Soriano's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a)

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 12th day of February, 2026.

                Tiffany M. Cartwright
                United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 5